EMBRY, Justice.
Alice Ackley appeals from final judgment ordering her removal as trustee of a trust created by the will of Chester W. Loughlin. The trust officer of Central Bank of Alabama was substituted for her and appointed trustee. This action was commenced by Viola I. Loughlin, the widow of Chester W. Loughlin, against her stepdaughter (the testator’s daughter), Alice Ackley, seeking her removal as trustee.
Chester W. Loughlin died testate on 4 April 1979. His will provided for the appointment of his widow as executrix but she renounced the appointment in favor of Alice Ackley. The will also provided:
... In the event my wife, Viola I. Lough-lin, shall survive me, then I give, devise and bequeath the entire of my estate, whether real, personal or mixed and wheresoever situated unto Alice E. Ack-ley, nevertheless to be held in trust to be paid and distributed as follows under the conditions to be hereinafter mentioned:
(A) Pay to my wife, Viola I. Loughlin, the entire income from the trust periodically, but at least semiannually, with the *833 right of the Trustee to invade the corpus of the trust for the beneficiary should the beneficiary suffer or be burdened by major medical, hospital or confinement expense during her lifetime.
(B) This trust shall terminate upon the death of the beneficiary named and the entire remaining corpus and so much of the income therefrom as may remain undistributed, shall become the property of Alice E. Ackley, to be hers absolutely.
The will was probated on 12 April 1979 and Mrs. Ackley began managing the assets of the estate. Friction developed between her and Mrs. Loughlin over Mrs. Ackley’s treatment of the assets and her payments to Mrs. Loughlin. For example, Mrs. Ack-ley withdrew the entire balance of five joint-with-survivorship bank accounts; four of them jointly with Mr. and Mrs. Loughlin and Mrs. Ackley, and one jointly with Mr. and Mrs. Loughlin. Mrs. Ackley deposited the proceeds in an account under her name as executrix. Mrs. Ackley later paid Mrs. Loughlin 50% of the money from the first four accounts and the entire balance of the fifth.
A further controversy arose over bank drafts drawn on Mrs. Loughlin’s checking account for payment of Mrs. Ackley’s electricity bills. The mistake seems to have been made by the electric utility, but Mrs. Ackley’s letters to her stepmother explaining the incident are extremely disrespectful and acrimonious. Moreover, the evidence shows that Mrs. Ackley had not reimbursed Mrs. Loughlin for the erroneous drafts by the time of the trial of this case. It was on the basis of these and other disputes over property of the Loughlin estate that this action was filed.
After an ore tenus trial, judgment was entered removing Mrs. Ackley as trustee on grounds of a conflict of interest, hostility between the parties, delays in furnishing of money to the widow, and a controversy concerning her unauthorized use of some of the assets of the estate.
Mrs. Ackley contends that removing her ' is error, relying largely on the decision of this court in Walker v. Amason, 369 So.2d 786 (Ala.1979). In that case the trial court removed the daughter of the testator as trustee for her widowed mother. This court reversed, holding that the trial court had abused its discretion. However, we find enough distinction in the facts in Walker and this case that we cannot conclude that here the trial court abused its discretion when it removed Mrs. Ackley.
In Walker, it was noted that a conflict of interest of which the settlor was aware would not suffice to warrant removal; however, the opinion went on to point out that “we do not find — and the Amasons do not contend — that there exists such hostility that a removal of the trustee is required or justified.” 369 So.2d 790-91. Here there was an abundance of evidence of such hostility as justified the removal of Mrs. Ackley. Among other things, she quite evidently treated her stepmother very highhandedly and arbitrarily.
Furthermore, the widow in Walker had resources such that she “did not lack for the necessities, and indeed enjoyed some of the luxuries available to an eighty-year-old woman.” Id. at 790. The trust in that case allowed for distribution of income in the sole judgment of the trustee. Mr. Lough-lin’s will required that income be paid at least semiannually. The record definitely supports the conclusion that Mrs. Loughlin needed this income for her support. The delays and controversies occasioned by Mrs. Ackley’s conduct found by the court below to have occurred, and supported by the evidence, are a sufficient hindrance to the purpose of the trust that we find no abuse of discretion in the trial court’s removal of Mrs. Ackley as trustee.
For the reasons stated the judgment below is due to be and is hereby affirmed.
AFFIRMED.
TORBERT, C. J., and FAULKNER, AL-MON and ADAMS, JJ., concur.